AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>JAMIE LOUIS COOK<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. 3:24-mj- 013 |

**FILED JAN 31 2024 CLERK, U.S. DISTRICT COURT RICHMOND, VA**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 3, 2023__ in the county of __City of Richmond__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon |

This criminal complaint is based on these facts:

See attached

☑ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:
Ellen V. Hubbard, SAUSA

*Complainant's signature*

Jason L. VonCanon, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/31/2024

/s/
*Judge's signature*

City and state: Richmond, Virginia

Summer L. Speight, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:24-mj-013 |
| ) | |
| JAMIE LOUIS COOK, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Jason L. VonCanon, being first duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and as such, I investigate violations of the laws of the United States as delineated in Title 28 of the Federal Code of Regulations. I have worked as a TFO since September of 2023 and have experience investigating firearms and narcotics offenses on both a state and federal level. As an ATF TFO, I have received training in the investigation of violations of federal and state law. Currently, I am assigned to the Richmond III Field Office of the Washington Field Division of the ATF.

2. As part of my duties as an ATF TFO, I conduct investigations, carry firearms, execute warrants, make arrests, and perform other duties sanctioned by the ATF. Over the course of my career, I have conducted interviews and secured other relevant information, using a variety of investigative techniques. I have personally participated in the investigation described below.

3. I make this affidavit in support of a criminal complaint, charging Jamie Louis COOK (hereinafter "COOK") with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

4. This affidavit is being submitted for the limited purpose to show that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this investigation. Instead, I have set forth only facts that I believe are sufficient to charge COOK with a violation of the Subject Offense.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that COOK (black male, date of birth X/XX/1985, social security number XXX-XX-5473; 6'03" tall and 210 lbs., black hair, brown eyes, currently in custody at the Henrico County Jail) has committed violations of Title 18, United States Code, Section 922(g)(1), possession of a firearm by a convicted felon.

## RELEVANT STATUTORY PROVISIONS

6. 18 U.S.C. § 922(g)(1)—Possession of a Firearm by a Convicted Felon

## PROBABLE CAUSE

7. On October 3, 2023, Henrico County Police Division ("HCPD") officers were at 1620 Henrico Arms Place, Henrico County, Virginia 23231, within the Eastern District of Virginia, on a call for service regarding a fight. During this time, HCPD officers were approached by a citizen, Kellie Barrett ("Ms. Barrett"), who reported that she was just assaulted by COOK, who she told officers is the father of her child. The initial call for service the officers responded to and were investigating was unrelated to Ms. Barrett's complaint of assault by COOK.

8. HCPD Officer Bradley Helmick then began investigating Ms. Barrett's assault claim. Ms. Barrett reported that COOK used his hand on the back of her neck to push her into a bed when he was dropping off their child in common. While Officer Helmick was speaking with Ms. Barrett, Officer Helmick saw COOK walking to the parking lot. HCPD officers approached COOK in the parking lot and interviewed him regarding the alleged assault. When asked if COOK grabbed Ms. Barrett and pushed her into a bed, COOK told HCPD officers, "I might have did." At the conclusion of their interview with COOK, HCPD officers decided to place him under arrest for the domestic assault.

9. When HCPD officers attempted to place COOK into custody for the domestic assault, he fled from the officers and a brief foot pursuit ensued through the apartment complex parking lot. As COOK was running away, HCPD officers observed COOK reach into his waistband, remove a black handgun with his right hand, and drop it on the ground. COOK was taken into custody by HCPD officers shortly thereafter, and the firearm was recovered from the parking lot. The firearm was a ***Glock pistol, model 19, 9mm caliber, with serial number: BTCE293.*** This firearm has been determined to have traveled in interstate commerce due to being manufactured outside the Commonwealth of Virginia. After Cook was apprehended, both before and after he was verbally provided his *Miranda* warning, he told HCPD officers that he was a felon and that he had not been trying to draw the firearm, but it was falling off of his hip as he was running.

10. COOK was convicted on March 25, 2005 in the City of Richmond, Virginia, of Virginia Code § 18.2-58, Robbery; Virginia Code § 18.2-308.2, Possession of a Firearm by a Convicted Felon; and Virginia Code § 18.2-53.1, Use of a Firearm in the Commission of a Felony. COOK signed documents through the Virginia Department of Corrections Probation and Parole

3

Office on July 9, 2021, acknowledging that after his felony conviction, he could not be in possession of a firearm. On January 6, 2022, COOK's political rights were restored by the Governor of Virginia, but the restoration of rights specifically excluded COOK's right to ship, transport, possess or receive firearms. COOK has not had his rights under the second amendment restored.

## CONCLUSION

11. Based on the foregoing facts, I respectfully submit there is probable cause to charge COOK with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section (922)(g)(1) based on the arrest of COOK on October 3, 2023.

Respectfully submitted,

Jason L. VonCanon
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me
on the 31st day of January 2024.

/s/

Summer L. Speight
UNITED STATES MAGISTRATE JUDGE

4